and we will proceed to the last case of the day Jonathan Adeyanju against Mr. Hermans appeal number 20-1876 and we have Ms. Kubisch and Ms. Potts are you there? Ms. Potts I just want to make sure you're there and you can hear us. I can hear you. All right we'll go ahead and proceed then. Ms. Kubisch. May it please the court Brittany Lane Kubisch representing the petitioner Jonathan Adeyanju. This is a case where trial counsel made a mistake that severely impaired his chosen trial strategy. Mr. Adeyanju's attorney drafted an instruction for the lesser included offense of recklessly endangering safety planning to ask the court to give that instruction at trial but in the hustle and bustle of trial preparation he ultimately forgot to do so and in the context of Mr. Adeyanju's case this omission was prejudicial because once the jury decided that Mr. Adeyanju participated in a shooting it was unlikely to acquit him based upon doubts about whether he acted intending to kill someone or merely recklessly endangered the victim's lives. Two courts have tried to justify trial counsel's mistake after the fact by coming up with a reasonable strategy counsel could have had for making this mistake but neither of the justifications they've offered are persuasive. Counsel's mistake was simply unjustified and prejudicial in this case and for that reason. Can I tell you just what concerns me most about this case? Suppose we are convinced that it would be ineffective not to allow the jury to reach some kind of compromise on a lesser offense that is that some compromise short of attempted homicide needed to be available. What I don't understand is why the option of the petitioner of the class G felonies in counts four five and six was not a sufficient option for those purposes. That is to put it a slightly different way why is there a constitutional difference in effectiveness between the an option. Yes your honor and I believe your honor is referring to the reckless use of a firearm charges and I think in in the context of this case those convictions were not enough to satisfy the lesser included offense because they didn't involve any instance of hitting people. Mr. Adeyanju hit the limbs of three individuals and that's where the attempted intentional homicide charges came in and the first degree recklessly endangering safety is a lesser included offense of that. It's not strictly speaking lesser included but but in terms of an available compromise I mean did if I understand this the class F has a maximum twelve and a half year sentence class G a maximum ten year sentence that difference two and a half years would be a long time to spend in prison for anybody but but but in terms of drawing a constitutional line for effectiveness I'm having trouble with that so help me out. Certainly your honor I think that first of all the jury wouldn't have been aware of the penalty difference but I think that because the recklessly endangering safety offense includes recklessly putting the lives of individuals at risk and the rest reckless use of an a firearm offense does not there was a constitutional difference and a prejudice on the part of the jury and that they wanted they would have wanted to convict of some offense that involved recklessly putting someone's life at risk and the reckless use of a firearm charge didn't include that element. I'll turn to my argument and I'll first discuss the deficiency prong of Mr. Adeyanju's ineffective assistance claim and turn second to the prejudice prong. As far as deficiency it's important to note that this case is not a case where counsel made a calculated strategic decision and the defendant is challenging it after the fact because he doesn't like the results. Counsel admitted to overlooking the omission of this instruction from the final jury instructions and the state court credited this testimony so the question all the courts are asking is can this mistake be justified as something that could have been strategy after the fact and in the context of failing to request a lesser included offense instruction there are two basic strategies that have been identified by the courts to justify the omission of instruction and they track a pretty fundamental Strickland rule which is that counsel needs to make reasonable strategic decisions that make particular investigations unnecessary or counsel needs to make reasonable investigations in support of their strategic decisions. So the reasonable investigation or the reasonable decision that would make requesting an instruction unnecessary would be adopting a trial strategy that's inconsistent with or doesn't implicate the lesser included offense instruction. An example would be in a robbery case if defense counsel's arguing my client wasn't the robber he doesn't need to request a theft instruction that differs from robbery only in that it doesn't require the use of force to effectuate the taking. Counsel's not arguing his client was there to effectuate the taking so the instructions irrelevant and there's no ineffective assistance in failing to request it. That explanation can't apply here because Mr. Addy Andrews attorney testified and the state court found he was pursuing two different defenses. The first the second defense was that there was no intent to kill anyone in this particular case and that's entirely consistent with the difference between recklessly endangering safety and attempted intentional homicide. They differ on whether there's an intent to kill or merely a reckless indifference for human life and that's exactly what Mr. Addy Andrews attorney argued in his closing argument. He said even though the shooters quote might have run the risk of hitting people and quote they did that doesn't mean they quote had the intent to kill people so this instruction was relevant. Ms. Kubitsch, did he also advance the theory that the defendant wasn't present? He did your honor. He raised questions about whether his client was properly identified as one of the shooters. But the fact that he chose to pursue two defenses means that he needed to pursue both defenses reasonably if he was going to make arguments and elicit evidence in support of both. The second strategic reason why counsel can fail to request a lesser included offense instruction is the all or nothing gamble and this is the case where counsel needs to conduct a investigation in support of the chosen trial strategy which would mean knowing the lesser included offense instruction exists and weighing the risks and benefits of offering it and most importantly consulting with the defendant about whether to offer this instruction. Indeed the ABA guidance for criminal defense attorney says it is quote important in a jury trial for defense counsel to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury and that's that makes sense because this is very similar to the decision whether to plea the counsel defense counsel is potentially introducing a lesser offense an uncharged offense and accepting a likelihood of conviction on that fence to mitigate the risk of conviction on the greater offense so the defendant needs to be consulted and that didn't happen here because this was a mistake. Mr. Atty. Andrews attorney forgot to request the instruction so he didn't consult. Ms. Kubish is the logic of your position that all four of these defense counsel were ineffective? No your honor two of the defense counsel didn't present a no intent to kill defense and so the request of the instruction would have been would not have been implicated by their chosen defense strategy. Mr. Atty. Andrews brother's attorney did present this defense and his brother did raise an ineffective assistance of counsel claim related to this defense so I would say it would be ineffective. Is that pending also? I am aware of a state court case that's pending but not I'm not sure if there is a federal appeal and I'll reserve the remainder of my time for rebuttal. All right thank you very much and for the state Ms. Potts. Good afternoon my name is Abigail Potts I represent the respondent in this appeal. The jury instruction that's at issue here the lesser included offense instruction had almost no likelihood of actually benefiting Mr. Atty. Andrews and that is it's really that fact that is ultimately the reason why Mr. Atty. Andrews cannot establish either prong of analysis and we only have 10 minutes this morning there is a lot of good briefing on on this case I would like to start by addressing the prejudice prong because I think it's actually the prejudice prong that can most easily and efficiently dispose of this appeal in this habeas case. Mr. Atty. Andrews cannot establish that prejudice prong of Strickland because the instruction that he said he wanted almost certainly would not have benefited him. Now Mr. Atty. Andrews was convicted found guilty of first-degree attempted homicide as party to a crime and it's that party to a crime modifier that really renders that jury instruction almost meaningless for Mr. Atty. Andrews or at least renders it very unlikely to actually come into play and benefit him. Now Wisconsin I think a lot of the confusion in this case comes around the fact that Mr. Atty. Andrews doesn't fully understand the nature of the party to a crime modifier. Wisconsin has kind of a unique party to a crime law so the jury in this case did not need to find intent specific to Mr. Atty. Andrews in order to convict him of the homicide charges. They needed to find that he was party to a crime. His counsel's argument though I thought was that whoever was firing the guns did not have an intent to kill perhaps is evidenced by the wild shooting and at pretty close range with just a few hits. That's true yeah so but I think that's consistent with the idea that Mr. Atty. Andrews attorney his trial counsel is actually a very seasoned defense counsel knew the the nature of the charges in this case were as party to a crime. Mr. Atty. Andrews needed to convince this jury that he wasn't there. If he was there he was very likely going to serve time and that's exactly what his trial attorney said at the Mockner hearing and the reason for that is because there were three co-defendants and they were all being charged together. All four of them were being charged or tried together so the jury was hearing all of their their cases together and the jury just needed to find intent among those defendants. There was also so I guess getting to your point Judge Hamilton that Mr. Atty. Andrews trial attorney very reasonably knew that he needed to first and foremost convince the jury that Mr. Atty. Andrews wasn't there. If Mr. Atty. Andrews wanted to avoid prison as much as he said he did his only real chance of avoiding prison was to say he was not there. Beyond that it was going to be very very difficult for Mr. Atty. Andrews to show no intent to the extent necessary to get him out of the party of a party to a crime charges. So to satisfy that now now I think we need to also then step back and say now where are we where is the case now we are on federal habeas review of a ineffective assistance of counsel claim and so to satisfy that prejudice prong Mr. Atty. Andrews would have to make a showing of a substantial likelihood that had trial counsel requested that lesser included offense instruction not only would the jury have gotten to it but it would have actually changed the outcome of this trial and I think he has not made that showing and I actually would submit to this court that it's almost impossible on this record to make that showing and there's two main reasons why the facts of this case can be distinguished from the cable line of cases and why the prejudice prong is going to be so hard to meet in this case those two those two differentiating characteristics are one the party to a crime modifier for which he was charged and two those as judge Hamilton pointed out there were three other lesser charges charges counts for five and six that gave the jury an alternate option if they did not want to convict on intentional homicide and the reason that those other three convictions really are those three charges really matter here is they make it a lot harder to show that a lesser included offense instruction would have mattered in a case where the jury found the defendant guilty of the greater charge so you know we as we argue in our briefs that logic known as pots basically is inconsistent with any of the as I understand it any of the ineffectiveness cases that that focus on the failure to seek lesser charge instructions because I mean it's only going to arise when the jury is convicted on the greater offense and the speculation is what might they have done if they'd had the other alternative in front of them I understand and mr. Adyandju's brief does a good job of citing a lot of that case law and I would say that that it's really distinguishable because this is well the Keeble line of cases a lot of the cases that say that a defendant is entitled to this lesser included offense instruction are in the context not of defining the Constitution of defining federal criminal procedure laws and what a defendant is entitled to in a capital case this is not a capital case this is a very different type of case and we are in a different posture here and I know that it has been extended into the ineffective assistance of counsel realm which is where we are however I would say that the cases that mr. Adyandju cites where where that idea that value of the lesser included offense has been extended into the into a case like this in those cases there was an all-or-nothing situation there was either acquittal or conviction and in this case we simply don't have that we don't have that setup for a jury a jury is is much less likely to defy its rules and look at the lesser included offense instruction before acquitting if they have another option so they don't need to do that so I would say that in the circumstances of this case not only as mr. Adyandju not satisfied the prejudice prong it would be very very difficult to satisfy it can I ask you to follow up on something that Miss Kubitsch told us about this petitioner's brother are you familiar with any litigation involving him on the same issue our office has been involved in that case as well I don't exactly know the status of Jeremy Adyandju's case although I do believe he was denied denied habeas relief at the federal district court level I don't think that has been appealed okay thank you now first and foremost I think this court has recognized in the not too distant past that where a court can dispose of an ineffective assistance of counsel claim on the prejudice prong alone it should do so I think this is exactly that type of case because I think the prejudice prong simply it has not been established here however I want to just briefly touch base on the deficient performance prong that is the prong work where there is edpa deference afforded in this case because that's the prong on which the state court and the district court both decided this issue one thing I will point out is the opposing counsel misstated what is really the relevant question here trial counsel did not have to make a strategic decision it doesn't matter whether his decision not to ask for the lesser-included offense was strategic it matters that objectively under the circumstances was it reasonable and again because the lesser-included offense instruction in this case had almost no likelihood of ever being used or benefiting mr. adi-anju because his co-defendants were convicted of the crime of homicide and they only and the jury only needed intent as to one of them to get all of them so since that lesson included instruction was so unlikely to actually benefit mr. adi-anju it was reasonable for mr. adi-anju's trial counsel to not care about it now I think opposing counsel works very hard to to find an error here and and I and I know why to try to find a basis for relief but not every error not every slip of the mind is sufficient to show deficient performance constitutionally deficient performance and in this case I don't exactly understand from the mock hearing testimony what happened with that jury instruction it did not get to the court it looks like like it what there was an error involved but it was an error on something that trial counsel did not care about because it really wasn't going to come into play in this defense so I'll kind of leave it at that I think I think we all have read the briefs on that and if there's no other questions I will just rest there thank you very much miss Potts miss Kubitsch any rebuttal yes your honor thank you I will address prejudice on rebuttal since that seems to be the crux of the state's argument here and to show prejudice just to clarify it mr. Ady and you doesn't have to show a substantial likelihood of a different result just a reasonable probability that at least one juror would have come out differently with this instruction offered and I think there was we do first of all understand this is a party to a crime charge our argument is that the evidence that counsel elicited at trial would have given the jury a reasonable probability of finding recklessness reckless endangerment of people's lives counsel cross-examined the two shooters who testified at trial both of them went cross-examined said they had no intent to kill and then there was circumstantial evidence the shooters stood in the middle of the street and fired into a garage there was a driveway between the street and the garage it had four cars parked in it even though no one was shooting back at the shooters none of them approached to get a better shot and one of the occupants of the garage said he didn't think that they were shooting at anyone in particular they seem to be hitting metal in air so in this case there was prejudice and I see I my time is out I asked the court to reverse thank you all right our thanks to both counsel miss Kubish you and your firm took this on by court appointment I believe that's correct you have the thanks of the court for your service to your client and to the court and of course we always appreciate the efforts of the of the Attorney General's office as well miss Potts the case will be taken under advisement and with that court will be in recess thank you